**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHG HOSPITAL HOUSTON LLC d/b/a | § | |
| CORNERSTONE SPECIALTY | § | |
| HOSPITALS BELLAIRE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO. ___4:20-cv-718___ |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| A DIVISION OF HEALTH CARE | § | |
| SERVICE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S INDEX OF STATE COURT DOCUMENTS

| | **State Court Document** | **Date Filed** |
|---|---|---|
| 1. | Harris County Docket Sheet | 02/24/2020 |
| 2. | Request for Issuance of Service | 01/27/2020 |
| 3. | Plaintiff's Original Petition and Request for Disclosure | 01/27/2020 |
| 4. | Citation reflecting Certified Mail tracking number #7019 0140 0000 5911 1539 | 01/28/2020 |
| 5. | Certified Mail Receipt | 01/29/2020 |
| 6. | USPS Receipt of Delivery/Proof of Service | 01/31/2020 |
| 7. | Defendants' Original Answer | 02/21/2020 |

Dated:  February 28, 2020

Respectfully submitted,

By:  */s/ Nicole H. Muñoz*
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    Fed. I.D. No. 8603
    andy.jubinsky@figdav.com
    **Attorney-in-Charge**

**Of Counsel:**
Nicole H. Muñoz
Texas Bar No. 24098153
Fed. I.D. No. 2995810
nicole.munoz@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on February 28, 2020.

**Via CM/RRR:**
Leigh V. Graves
Fultz Maddox Dickens PLC
101 S. Fifth Street, Suite 2700
Louisville, Kentucky 40202
*Attorney for Plaintiff*

    */s/ Nicole H. Muñoz*
    Nicole H. Muñoz

**TAB 1**

| HCDistrictclerk.com | CHG HOSPITAL HOUSTON LLC (DBA CORNERSTONE SPECIALTY HOSPITALS vs. BLUE CROSS BLUE SHIELD OF TEXAS (A DIVISION OF HEALTH CARE SERVICE | 2/24/2020 |
|---|---|---|

Cause: 202005320      CDI: 7      Court: 270

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 89543777 | Defendant's Original Answer | | 02/21/2020 | 2 |
| 89250314 | Certified Mail Receipt | | 01/29/2020 | 1 |
| 89171563 | Certified Mail Tracking # 7019 0140 0000 5911 1539 | | 01/28/2020 | 2 |
| 89103288 | PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE | | 01/27/2020 | 11 |
| ·> 89103289 | REQUEST FOR ISSUANCE OF SERVICE | | 01/27/2020 | 1 |

1/27/2020 10:48:38 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40290653
By: HALL, JOSHUA E
Filed: 1/27/2020 10:48:38 AM

**TAB 2**

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>Original Petition</u> _____

**FILE DATE:** ___<u>1/27/20</u>___ _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** <u>Blue Cross Blue Shield of Texas, A Division of Health Care Service Corporation</u> _____

Address of Service: <u>211 East 7th Street, Suite 620</u> _____

City, State & Zip: <u>Austin, TX  78701-3218</u> _____

Agent (if applicable) <u>Corporation Service Company</u> _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| X  **Citation** | ☐ **Citation by Posting** ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper** _____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post-Judgment Service)**

**SERVICE BY** *(check one)*:

☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____      **(No Service Copy Fees Charged)**
☐ **CONSTABLE**      *Note:* The email registered with EfileTexas.gov must be
X **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
      Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Leigh Graves</u>   Bar # or ID <u>24051467</u>

Mailing Address: <u>101 S. Fifth Street, 27th Floor, Louisville KY 40202</u> _____

Phone Number: <u>615-430-1448</u> _____

1/27/2020 10:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40290653
By: Joshua Hall
Filed: 1/27/2020 10:48 AM

**TAB 3**

# 2020-05320 / Court: 270

## CAUSE NO. _____

| | | |
|---|---|---|
| CHG HOSPITAL HOUSTON LLC d/b/a | § | HARRIS COUNTY, TEXAS |
| CORNERSTONE SPECIALTY HOSPITALS | § | |
| BELLAIRE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| A DIVISION OF HEALTH CARE SERVICE | § | |
| CORPORATION | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff CHG Hospital Houston LLC d/b/a Cornerstone Specialty Hospitals Bellaire ("Cornerstone") states as follows for its petition against defendant Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation ("BCBST").

### DISCOVERY CONTROL PLAN

1.      Pursuant to Texas Rule of Civil Procedure 190, Cornerstone intends to conduct discovery in accordance with Rule 190.3 (Level 2).

### NATURE OF THE ACTION

2.      This action arises out of BCBST's failure to pay Cornerstone for medical care and treatment provided by Cornerstone to a BCBST insured (the "Insured"), who will not be identified herein for purposes of patient privacy.

3.      In reliance on BCBST's verification of coverage and authorization of treatment, Cornerstone admitted the Insured and provided him with care and treatment. Because the Insured was non-responsive and unable to pay premiums himself, Cornerstone also began remitting payments to BCBST to cover the Insured's insurance premiums.

1

4.      BCBST cashed these premium checks, authorized the care and treatment provided on an ongoing basis, and began paying Cornerstone's claims for care and treatment provided to the Insured.  Subsequently and abruptly, however, BCBST refunded the previously accepted premium payments to Cornerstone and began recouping payments BCBST had previously made for care and treatment provided to the Insured.

5.      Now, despite BCBST's prior representations to Cornerstone as to the availability of coverage, authorization of treatment, and acceptance of premium payments, Cornerstone has been left unpaid for the vast majority of the care and treatment provided in good faith to the Insured.

### THE PARTIES

6.      Plaintiff CHG Hospital Houston LLC d/b/a Cornerstone Specialty Hospitals Bellaire is a Texas limited liability company conducting business in Harris County.

7.      Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, is a for-profit mutual legal reserve company doing business throughout Texas.  BCBST may be served through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin TX 78701-3218.

### JURISDICTION AND VENUE

8.      This Court has jurisdiction over BCBST because services were rendered to the Insured at Cornerstone in Harris County, Texas.  The amount in controversy is within jurisdictional limits of this Court.

9.      Venue is proper in Harris County because a substantial portion of the events giving rise to this Petition occurred in Harris County.

2

## FACTUAL BACKGROUND

10.     The Insured was a patient at Cornerstone from March 30, 2017, to August 27, 2018. Prior to admitting the Insured, Cornerstone contacted BCBST to confirm the Insured's eligibility for coverage and obtain pre-authorization for the Insured's admission. BCBST advised Cornerstone that the Insured was eligible for coverage and pre-authorized the admission.

11.     In reliance on BCBST's representations as to coverage and authorization, Cornerstone admitted the Insured and began to provide him with care and treatment.

12.     Because the Insured was non-responsive and unable to pay his insurance premiums himself, and he had no family members who lived in the country and could thus assist him, Cornerstone began making premium payments on behalf of the Insured. BCBST accepted and cashed Cornerstone's checks for these premium payments. BCBST also authorized the care and treatment provided to the Insured on an ongoing basis and began paying Cornerstone's claims for care and treatment of the Insured as they were billed in the ordinary course.

13.     On June 14, 2017, Cornerstone contacted BCBST again to verify coverage, and Cornerstone again confirmed that the Insured had coverage. In reliance on this representation, in addition to BCBST's continued authorization of care and treatment and continued acceptance of Cornerstone's premium payments, Cornerstone continued providing care and treatment to the Insured. BCBST continued to accept and cash Cornerstone's premium payments for over eight months.

14.     On February 13, 2018, however, BCBST advised Cornerstone that the Insured's coverage had allegedly terminated on May 31, 2017, a fact that had never before been made known to Cornerstone. BCBST then began denying Cornerstone's claims with respect to the

3

Insured and recouping amounts that had previously been paid, claiming that the Insured did not have coverage at the time services were provided.

15.     BCBST also began returning the previously accepted premium payments to Cornerstone. Despite the fact that BCBST had been regularly cashing Cornerstone's premium checks for eight months, BCBST notified Cornerstone it would not accept premium payments made by a provider.

16.     As BCBST knows, Cornerstone cannot discharge a patient without a physician's discharge order and a safe discharge option. Cornerstone thus continued to provide the requisite care and treatment to the critically ill Insured until, sadly, he passed away.

17.     Cornerstone has been underpaid in an amount exceeding $574,000 for the care and treatment it provided to the Insured in good faith.

### COUNT I – NEGLIGENT MISREPRESENTATION

18.     Cornerstone repeats and realleges the allegations contained in paragraphs 1 through 17, inclusive, and incorporates the same as though set forth in full.

19.     Prior to the Insured's admission, Cornerstone contacted BCBST to verify coverage. BCBST advised Cornerstone that coverage was available and pre-authorized the admission. BCBST also accepted and cashed premium payments from Cornerstone, authorized the care and treatment on an ongoing basis, and initially paid for care and treatment provided to the Insured at Cornerstone. BCBST again verified that coverage was available on June 14, 2017.

20.     Due to BCBST's failure to exercise reasonable care or competence in obtaining and communicating verification and authorization information, according to what BCBST now contends, these representations were false. BCBST supplied this false information in the course of its business for the guidance of Cornerstone in connection with its business.

4

21.      In reliance on BCBST's misrepresentations, Cornerstone admitted the Insured and provided him with care and treatment.  Cornerstone has been significantly underpaid for the care and treatment it provided to the Insured, and has therefore suffered pecuniary loss by relying on BCBST's representations.

22.      Cornerstone's reliance was justifiable, insofar as BCBST expressly verified coverage, continuously authorized the treatment to be provided, and accepted and cashed Cornerstone's premium payments.  BCBST in fact did not contend that the Insured's policy had allegedly terminated on May 31, 2017, or that it would not allow Cornerstone to make premium payments on behalf of the Insured, until February 2018, despite having accepted and cashed such premium payments for several months.  BCBST had superior knowledge regarding the facts and circumstances of the Insured's insurance coverage, and Cornerstone relied on BCBST to disclose any facts that could potentially impact payment to Cornerstone.  BCBST knew or should have known that it would not pay Cornerstone for care and treatment provided to the Insured and that it was not going to accept premium payments paid by Cornerstone on the Insured's behalf, yet it did not disclose these material facts from Cornerstone.

23.      As a direct and proximate result of BCBST's misrepresentations, Cornerstone has suffered damages in an amount exceeding $574,000, insofar as, among other things, it provided care and services to the Insured for which it has not been compensated, was deprived of interest income on those amounts during the periods of non-payment, and lost opportunity costs associated with its decision to treat the Insured rather than other patients.

## COUNT II – PROMISSORY ESTOPPEL

24.      Cornerstone repeats and realleges the allegations contained in paragraphs 1 through 17, inclusive, and incorporates the same as though set forth in full.

25.     Prior to the Insured's admission, Cornerstone contacted BCBST to verify coverage.  BCBST advised Cornerstone that coverage was available and pre-authorized the admission.  BCBST also accepted and cashed premium payments from Cornerstone, authorized the care and treatment on an ongoing basis, and initially paid for care and treatment provided to the Insured at Cornerstone.  BCBST again verified that coverage was available on June 14, 2017.

26.     In making the representations set forth herein, BCBST did so with knowledge that Cornerstone would reasonably be induced to rely on BCBST's representations and would admit the Insured into its facility and provide him with care and treatment.

27.     Cornerstone, in reasonable reliance on BCBST's representations, admitted the Insured and provided him with medical care and treatment.  BCBST's representations and promises, however, were not fulfilled.  Instead, after Insured had received nearly a year of care and treatment at Cornerstone, BCBST advised Cornerstone that, contrary to what it had previously represented, BCBST would not pay Cornerstone for the vast majority of the care and treatment provided in good faith to the Insured.

28.     As a direct and proximate result of BCBST's misrepresentations, Cornerstone has suffered damages in an amount exceeding $574,000, insofar as, among other things, it provided care and services to the Insured for which it has not been compensated, was deprived of interest income on those amounts during the periods of non-payment, and lost opportunity costs associated with its decision to treat the Insured rather than other patients.  Cornerstone is also entitled to recover its reasonable attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001.

## <u>COUNT III – VIOLATIONS OF TEXAS INSURANCE CODE</u>

29.     Cornerstone repeats and realleges the allegations contained in paragraphs 1 through 17, inclusive, and incorporates the same as though set forth in full.

30.     As detailed above, BCBST has engaged in unfair and deceptive conduct with respect to Cornerstone, which is prohibited by Texas Insurance Code § 541.061, and which gives rise to a private cause of action under Texas Insurance Code § 541.151.

31.     Specifically, and among other things, BCBST advised Cornerstone that the Insured had insurance coverage, authorized the care and treatment to be provided, and accepted and cashed premium payments from Cornerstone.  At no point during the many months in which Cornerstone was verifying coverage, making premium payments, billing BCBST for care and treatment provided to the Insured, and receiving payments from BCBST for such care and treatment, did BCBST advise Cornerstone that it was not in fact going to reimburse Cornerstone in full for care and treatment provided to the Insured and that it would start to recoup payments previously made to Cornerstone.  According to what BCBST now contends, its prior statements of material fact were untrue and its actions were misleading to Cornerstone.

32.     BCBST committed these unfair and deceptive acts for the purpose of depriving Cornerstone of payment to which it was entitled for care and treatment of the Insured at the expense of its Insured and Cornerstone, which was providing necessary care and treatment to its Insured in good faith reliance on the representations of BCBST.

33.     As a direct and proximate result of BCBST's misrepresentations, Cornerstone has suffered damages in an amount exceeding $574,000, insofar as, among other things, it provided care and services to the Insured for which it has not been compensated, was deprived of interest

income on those amounts during the periods of non-payment, and lost opportunity costs associated with its decision to treat the Insured rather than other patients.

<u>COUNT IV – REQUEST FOR DECLARATORY JUDGMENT</u>

34.     Cornerstone repeats and realleges the allegations contained in paragraphs 1 through 17, inclusive, and incorporates the same as though set forth in full.

35.     An actual controversy has arisen and now exists relating to the rights and duties of Cornerstone and BCBST. Cornerstone contends BCBST's acceptance of premium payments made by it on behalf of the Insured constitutes a waiver of any argument by BCBST that it was not required to accept such payments. Presumably, BCBST disputes these contentions.

36.     Cornerstone further contends BCBST's belated argument that only the Insured or his family members could make premium payments on the Insured's behalf is legally unenforceable, given that the Insured was incapacitated and incompetent; he had no family members who lived in the country and could thus assist him; and this ostensible condition was thus impossible for the Insured to meet. Presumably, BCBST disputes these contentions as well.

37.     Cornerstone further contends that BCBST, not the Insured or his Estate, is responsible for payment of the care and treatment provided to the Insured on the bases identified above. Presumably, BCBST further disputes these contentions.

38.     BCBST, in turn, contends that the Insured was put on notice of his late premium payments since it ostensibly sent notices to his last known address. Cornerstone disputes that notice was validly provided to the Insured since he was incompetent and hospitalized when BCBST ostensibly sent these notices, and on this basis, Cornerstone contends the Insured's policy was never validly terminated.

39.     Cornerstone thus seeks a judicial declaration of the rights and duties of the parties in connection with the above controversies.  In particular, Cornerstone seeks a judicial declaration that the Insured's insurance policy was never validly terminated; that BCBST waived any argument that only the Insured or his family members could make premium payments; that any requirement that only the Insured or his family members could make premium payments is impossible and thus unenforceable; and that BCBST is therefore obligated to pay for the Insured's care for any period in which Cornerstone paid (or pays) the outstanding premium payments on behalf of the Insured.

40.     A judicial declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties with respect to the controversy alleged above.

## COUNT V – BREACH OF WRITTEN CONTRACT

41.     Cornerstone repeats and realleges the allegations contained in paragraphs 1 through 17, inclusive, and incorporates the same as though set forth in full.

42.     Pursuant to an assignment of benefits executed on the Insured's behalf at the time of his admission, Cornerstone is an assignee of the Insured's right to benefits under the BCBST insurance policy at issue ("Policy"), which became effective in or about January 2016 and is a valid contract between the Insured (and thus Cornerstone) and BCBST.

43.     Under the Policy, BCBST is required to pay for hospitalizations.  Under the Patient Protection and Affordable Care Act, essential health benefits like hospitalization cannot be limited and no maximum amount of coverage can be imposed.

44.     The Insured complied with all conditions on his part under the Policy, insofar as he paid premiums for over a year until he got sick and was no longer able to do so, at which point Cornerstone paid the premiums on his behalf.

45.     BCBST breached the Policy by failing to pay Cornerstone for the medically necessary care and treatment it provided to the Insured.  BCBST further breached the implied covenant of good faith and fair dealing inherent in the Policy by belatedly contending it would not accept premium payments made by Cornerstone, and instead contending that only the Insured or his family members could make such payments.  As BCBST knows, the Insured was incapacitated and incompetent and he had no family members who lived in the country.  Thus, the ostensible conditions for payment articulated by BCBST were impossible and could never be fulfilled and therefore were unenforceable.

46.     As a direct and proximate result of BCBST's breaches of the Policy, Cornerstone has been damaged in an amount exceeding $574,000, in an amount to be proven at trial.

### STATEMENT REQUIRED BY TEXAS RULE OF CIVIL PROCEDURE 47(c)

47.     Cornerstone seeks monetary relief over $1,000,000, including damages, penalties, costs, expenses, interest, and attorney fees.

### REQUEST FOR DISCLOSURE

48.     Pursuant to Texas Rule of Civil Procedure 194, BCBST is requested to disclose, within fifty (50) days of service of this request to the undersigned attorney at Fultz Maddox Dickens PLC, 101 S. Fifth Street, Suite 2700, Louisville, Kentucky 40202, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

### PRAYER FOR RELIEF

WHEREFORE, Cornerstone requests judgment against BCBST as follows:

A.  For an award of damages in an amount to be proved at trial;

B.  For an award of punitive damages in an amount to be proved at trial;

C.  For pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.  For treble damages pursuant to the Texas Insurance Code;

E.  For Cornerstone's costs, expenses, and attorneys' fees associated with prosecution of this action;

F.  For a judicial declaration that the Policy was never validly terminated and that BCBST is obligated to pay for the Insured's care for any period in which Cornerstone paid (or pays) the outstanding premium payments on behalf of the Insured;

G.  For trial by jury; and

H.  For all other relief to which Cornerstone may be entitled.

Respectfully submitted,


_s/  Leigh V. Graves_
Leigh V. Graves, SBN 24051467
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, Suite 2700
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
lvgraves@fmdlegal.com

*Counsel for Plaintiff*

11

**TAB 4**

7019   0140   0000   5911   1539

CAUSE NO. 202005320

RECEIPT NO.                                          75.00      CTM
          **********                          TR # 73718235

PLAINTIFF: CHG HOSPITAL HOUSTON LLC (DBA CORNERSTONE SPECIALTY         In The   270th
HOSPITALS                                                             Judicial District Court
          vs.                                                         of Harris County, Texas
DEFENDANT: BLUE CROSS BLUE SHIELD OF TEXAS (A DIVISION OF             270TH DISTRICT COURT
HEALTH CARE SERVICE                                                   Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: BLUE CROSS BLUE SHIELD OF TEXAS (A DIVISION OF HEALTH CARE SERVICE
    CORPORATION) (A FOR-PROFIT MUTUAL LEGAL RESERVE COMPANY) MAY BE
    SERVED BY SERVING THROUGH ITS REGISTERED AGENT CORPORATION
    SERVICE COMPANY

    211 EAST 7TH STREET SUITE 620   AUSTIN   TX   78701 - 3218

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>27th day of January, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 28th day of January, 2020, under my hand and
seal of said Court.

<u>Issued at request of:</u>                                          MARILYN BURGESS, District Clerk
GRAVES, MELISSA LEIGH VANDIVER                                       Harris County, Texas
101 S. FIFTH STREET, 27TH FLOOR                                      201 Caroline, Houston, Texas 77002
LOUISVILLE, KY  40202                                                (P.O. Box 4651, Houston, Texas 77210)
Tel: (615) 430-1448
<u>Bar No.:</u>  24051467                                            Generated By: HALL, JOSHUA EVERETT  GLH//11425844

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____

_____        ADDRESS

_____        Service was executed in accordance with Rule 106
(a) ADDRESSEE                              (2) TRCP, upon the Defendant as evidenced by the
                                           return receipt incorporated herein and attached
_____            hereto at

                                        on _____ day of _____, _____
                                        by U.S. Postal delivery to _____

                                        This citation was not executed for the following
                                        reason: _____
                                        _____

                                        MARILYN BURGESS, District Clerk
                                        Harris County, TEXAS

                                        By _____, Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P                          *73718235*

CAUSE NO.  202005320

RECEIPT NO.                                          75.00      CTM
\*\*\*\*\*\*\*\*\*\*                              TR # 73718235

| PLAINTIFF: CHG HOSPITAL HOUSTON LLC (DBA CORNERSTONE SPECIALTY HOSPITALS | In The   270th |
|---|---|
| vs. | Judicial District Court of Harris County, Texas |
| DEFENDANT: BLUE CROSS BLUE SHIELD OF TEXAS (A DIVISION OF HEALTH CARE SERVICE | 270TH DISTRICT COURT Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: BLUE CROSS BLUE SHIELD OF TEXAS (A DIVISION OF HEALTH CARE SERVICE
    CORPORATION) (A FOR-PROFIT MUTUAL LEGAL RESERVE COMPANY) MAY BE
    SERVED BY SERVING THROUGH ITS REGISTERED AGENT CORPORATION
    SERVICE COMPANY

    211  EAST 7TH STREET SUITE 620    AUSTIN  TX  78701 - 3218

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>


This instrument was filed on the <u>27th day of January, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 28th day of January, 2020, under my hand and
seal of said Court.

<u>Issued at request of:</u>                              MARILYN BURGESS, District Clerk
GRAVES, MELISSA LEIGH VANDIVER                          Harris County, Texas
101  S. FIFTH STREET, 27TH FLOOR                        201 Caroline, Houston, Texas 77002
LOUISVILLE, KY  40202                                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (615) 430-1448
<u>Bar No.</u>: 24051467                                  Generated By: HALL, JOSHUA EVERETT  GLH//11425844

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:


_____          ADDRESS

_____          Service was executed in accordance with Rule 106
(a)ADDRESSEE                                 (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
_____             hereto at

                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy


N.INT.CITM.P                          *73718235*

**TAB 5**



1-29-2020

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postmark
Here

Postage
1.40

Total Postage and Fees
7.80

Sent To

Street and Apt. No.

City, State, ZIP+4

BLUE CROSS BLUE SHIELD OF TEXAS (A DIVISION OF
HEALTH CARE SERVICE CORPORATION)
C/O
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN, TX 78701-3218
2020-05320 270TH

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7014 0140 0000 5911 1539

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**TAB 6**

# USPS Tracking®

FAQs ⟩

**Track Another Package** +

**Tracking Number:** 70190140000059111539

Remove ✕

Your item has been delivered to an agent at 7:01 am on January 31, 2020 in AUSTIN, TX 78760.

## ⊘ Delivered

January 31, 2020 at 7:01 am
Delivered, To Agent
AUSTIN, TX 78760

**Get Updates** ⌄

Feedback

**Text & Email Updates** ⌄

**Tracking History** ⌃

**January 31, 2020, 7:01 am**
Delivered, To Agent
AUSTIN, TX 78760
Your item has been delivered to an agent at 7:01 am on January 31, 2020 in AUSTIN, TX 78760.

**January 31, 2020, 12:21 am**
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**January 30, 2020, 3:13 pm**
Arrived at USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**January 30, 2020**
In Transit to Next Facility

**January 29, 2020, 10:29 pm**
Arrived at USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**



**TAB 7**
2/21/2020 9:54 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41033701
By: Ozuqui Quintanilla
Filed: 2/21/2020 9:54 AM

CAUSE NO. 2020-05320

| | | |
|---|---|---|
| CHG HOSPITAL HOUSTON LLC d/b/a CORNERSTONE SPECIALTY HOSPITALS BELLAIRE | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION | § § § § § | |
| Defendant. | § | 270TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant files its original answer, without waiving its right to move to compel arbitration, and states:

1.      Subject to such admissions and stipulations as may be made at or before time of trial, Defendant denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to Tex. R. Civ. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.      Defendant requests the following relief:

(a)      That Plaintiff take nothing by reason of its suit;

(b)      That Defendant be dismissed with its costs; and

(c)      That Defendant have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

---

**Defendant's Original Answer**                                                                                    **Page 1**

Dated: February 21, 2020                    Respectfully submitted,

                                            By: ___ /s/ Andrew G. Jubinsky _____
                                                  Andrew G. Jubinsky
                                                  Texas Bar No. 11043000
                                                  andy.jubinsky@figdav.com
                                                  Nicole H. Muñoz
                                                  Texas Bar No. 24098153
                                                  nicole.munoz@figdav.com

                                            FIGARI + DAVENPORT, L.L.P.
                                            901 Main Street, Suite 3400
                                            Dallas, Texas 75202
                                            Telephone: (214) 939-2000
                                            Facsimile: (214) 939-2090

                                            ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on February 21, 2020.

Leigh V. Graves
Fultz Maddox Dickens PLC
101 S. Fifth Street, Suite 2700
Louisville, Kentucky 40202
*Attorney for Plaintiff*

                                            /s/ Andrew G. Jubinsky _____
                                            Andrew G. Jubinsky